UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Donnie A. Davis, Jr.**, # 235971, | ) C/A No. 8:08-1105-CMC-BHH </br> ) |
| Plaintiff, | ) </br> ) |
| vs. | ) Report and Recommendation </br> ) for |
| **NFN Funderburk**, Doctor-Dentist at Evans Correctional Institution; and </br> **South Carolina Department of Corrections**, | ) Summary Dismissal </br> ) </br> ) </br> ) </br> ) |
| Defendants. | ) |

_____

### *Background of this Case*

The plaintiff is an inmate at the Evans Correctional Institution. He has submitted a Section 1983 complaint in the above-captioned case. The plaintiff has brought suit against a dentist at the Evans Correctional Institution and the South Carolina Department of Corrections pursuant to 42 U.S.C. § 1983. The above-captioned case arises out of dental care provided to the plaintiff at the Evans Correctional Institution between June of 2007 and September 17, 2007. On page 3 of the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff writes: "The line of events that accured [*sic*] between June, 2007 up until September 17th, 2007 amount to clear medical negligence, deliberate indifference and Malpractice."

1

The plaintiff has exhausted his prison remedies. Also, the petitioner's exhibits indicate that he appealed to the South Carolina Administrative Law Court (ALC Docket No. 07-ALJ-04-00959-AP).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[*] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S. Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S.

---

[*]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to *partial* summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The South Carolina Department of Corrections is entitled to summary dismissal under the Eleventh Amendment. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner

contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. Although the provision of medical care by prison or jail officials is not discretionary, the type or amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329-330 & n. 2 (S.D. Ga. 1994) (collecting cases).

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), which was a *Bivens* action, does not require that process be issued in the above-captioned case because the allegations in the complaint concern negligence or malpractice. Negligent or incorrect medical or dental treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983 or the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the *Bivens* doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a

prisoner."). *See also Brooks v. Celeste*, 39 F.3d 125 (6th Cir., Nov. 9, 1994) (Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F. 1100, 1003 (7th Cir. 1994) ("If act *A* committed by the *X* prison shows negligence but not deliberate indifference, and *B* the same, and likewise *C*, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-109 (3rd Cir. 1990); *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976) (affirming summary dismissal); and *Robbins v. Sweeney*, 1994 U.S.Dist. LEXIS® 15874, *11, 1994 WESTLAW® 618488, *2 (E.D. Pa., Nov. 2, 1994) ("Mere allegations of negligent medical malpractice do not present a constitutional violation.").

At the threshold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *See Grayson v. Peed*, 195 F. 3d 692 (4th Cir. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Circ. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Cir. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Circ. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Cir.1991); and *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990). *See also Strickler v. Waters*, 989 F. 2d 1375 (1993). Additionally, deliberate indifference involves a subjective component, which the Supreme Court has defined as a "sufficiently culpable state of mind" on the part of the defendants. *Wilson v. Seiter*, 501 U.S. 294 (1991). *See also Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998). Although the plaintiff alleges "deliberate indifference" on page 3 of the complaint, the breaking of the tooth during the extraction and the subsequent need for the plaintiff to receive treatment from an "outside doctor"(Dr. I. E. Davis, III), at best, show negligence and malpractice.

Moreover, the plaintiff's implicit contention that he should have been provided pain medication for more than 72 hours (after the extraction of the broken tooth by Dr. Davis) is not a basis for a deliberate indifference claim.  "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."  *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).  *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

### *Recommendation*

Accordingly, I recommend that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

April 9, 2008                             s/Bruce Howe Hendricks
Greenville, South Carolina       United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).